UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ALEX BEVERLY, JR.,               )      CASE NO. 4:05 CV 679
                                 )
            Petitioner,          )      JUDGE JOHN M. MANOS
                                 )
        v.                       )
                                 )      MEMORANDUM OF OPINION
T.R. SNIEZEK,                    )
                                 )
            Respondent.          )


        On March 7, 2005, petitioner pro se Alex Beverly, Jr.
filed the above-captioned habeas corpus action under 28 U.S.C.
§ 2241. Beverly, who is incarcerated at the Federal Correctional
Institution at Elkton, alleges that he refused to sign a
Financial Responsibility agreement with the Bureau of Prisons,
and was placed on refusal status.  He asserts these events
constitute a violation of the Thirteenth Amendment prohibition
against involuntary servitude.

        Habeas corpus is not the appropriate vehicle for
challenging the conditions of one's confinement.  Okoro v.

Scibana, No. 1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999); Rae
v. Luttrell, No. 95-5453, 1996 WL 47104 (6th Cir. Feb. 5, 1996).
Further, to the extent petitioner seeks relief other than
release, the appropriate action would be to file a civil rights
complaint.[1]

      Accordingly, the petition for writ of habeas corpus is
denied and this action is dismissed pursuant to 28 U.S.C. §
2243.  Further, the court certifies, pursuant to 28 U.S.C. §
1915(a)(3), that an appeal from this decision could not be taken
in good faith.

      IT IS SO ORDERED.


Issued: April 22, 2005           s/John M. Manos
                        UNITED STATES DISTRICT JUDGE

---

[1]  In order to file a civil rights action, petitioner would be
required either to pay the filing fee or to file a prisoner account
statement so that the court would have sufficient financial
information to assess and collect the $250 filing fee.  28 U.S.C. §
1915; McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).